## STEPHEN LEVARONI *v.* JOSEPH MILLER, OLIVER RANDALL, AND D. A. PERKINS.

RELATIVE RIGHTS PERTAINING TO THE OCCUPATION OF PUBLIC LAND FOR MINING AND FOR CULTIVATION.—Where it appeared that plaintiff had an inclosed garden and fruit orchard, together with his residence and outbuildings, also a dam situated a short distance above the inclosure, and across a ravine extending from above through his inclosure, with a small ditch leading therefrom to his garden and house, whereby he collected and conveyed, for culinary use and for irrigation, pure water, claimed by plaintiff to be from a natural spring, arising in or near the bed of said ravine, above said dam—all of which were being used and enjoyed by plaintiff, for their several appropriate uses, and so continuously had been for over five years, and when defendants, (having mining claims situated on the hillside above plaintiff's premises,) by means of foreign water procured from ditches, washed the debris of their mine·down into said ravine, at a point above said dam, and thereby filled up and rendered useless to plaintiff said dam and ditch, and by flooding with water and mud materially injured plaintiff's garden, fruit trees, and buildings, which injury, however, was not done maliciously or unnecessarily, but in the reasonable conduct of their said mining; and where said mining by defendants, and their right to mine in said claims and vicinity, dated back only three years; and where the premises of both plaintiff and defendants were part of the public lands of the United States : *held,* that the Court below erred in rendering judgment for defendants, in an action by plaintiff against them to recover said damage, and to enjoin, as working an irreparable injury to plaintiff, the continuance of said injurious acts.

IDEM.—In such case, the right of the defendants to mine in, and to use therefor the ravine, above the plaintiff's premises, must be exercised in such manner as not to damage the prior right of the plaintiff to inhabit and cultivate his premises, and to the use of his dam, as appurtenant thereto.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

This was an action to restrain the defendants from injuring and destroying the garden, orchard, and improvements

of the plaintiff, and to recover damages in the sum of one hundred and fifty dollars, for injuries done prior to the commencement of the action.   The complaint averred :

" That he [plaintiff] is the owner and in the possession of a certain ranch or piece of ground, situate, lying· in the County of El Dorado and State aforesaid, and bounded, etc.

" Plaintiff avers, that he is a rancher and cultivator of the soil; that he has on his said ranch a valuable garden and orchard ; that there is a dwelling house and stable thereon, and was, a short time since, a good spring thereon, the water of which was used for drinking and culinary purposes ; that he has also in said ranch a dam, used for the purpose of collecting water ; that there is also upon said ranch a ditch connected with said dam, and which is supplied with water from said dam; that said dam and ditch are used by plaintiff to collect and supply water for irrigating the trees and vegetables on said ranch; that said garden and vegetables and trees growing thereon, would be entirely useless and worthless without said water, and that said water could not be obtained or supplied without said dam and ditch.

" Plaintiff avers that he now has, and has had for some time past, a great many vegetables and trees growing in said garden.

" Plaintiff further avers, that a short time since, and while plaintiff was the owner of said land as aforesaid, the defendants commenced mining operations upon the ravine and hillside above the land aforesaid, south of·and about one hundred yards from said garden ; that said mining is carried on by the process known as sluicing, and by means of using large quantities of water ; that said defendants, by mining and using large quantities of water as aforesaid, have flooded plaintiff's premises aforesaid, injuring and filling up the dam aforesaid, so that it is worthless, cutting and injuring the ditch aforesaid, cutting and injuring the garden aforesaid, so as to destroy the vegetables and injure and damage the trees thereon.

" And plaintiff further avers, that said defendants, by their acts aforesaid, have injured and destroyed said spring, and have rendered the same entirely worthless and useless to plaintiff.

" Plaintiff charges that the acts of defendants are unlawful, and if they are permitted to continue their acts aforesaid, great and irreparable injury will be done him. That they have already by their acts aforesaid, done him injury and damage in the sum of one hundred and fifty dollars.

" Plaintiff further charges, according to his information and belief, that said defendants have no property or visible means from which an execution could be satisfied in case of the rendition of a judgment against them in favor of plaintiff for the injuries done and threatened aforesaid.

" Wherefore, plaintiff sues and prays judgment for said sum of one hundred and fifty dollars damages, and costs of suit. And he further prays that a temporary injunction be issued against the defendants, enjoining them from in any manner flowing water upon said land and premises, or any part thereof, and that upon final hearing said injunction be made perpetual."

The answer traversed so much of the averments of the complaint as alleged the extent and irreparable nature of the injuries complained of, and the existence of said spring ; set up that defendants were miners, and owned mines of the value of one thousand dollars, situated at the points on the ravine and hillsides described in complaint ; that said mines could only be worked by them in the manner complained of ; that their said mines and their claim thereto were older than the said possessions and improvements of plaintiff ; that the said possessions of plaintiff and their said mine were both part and parcel of the public mineral land of the United States, and that they were, and during all the time of the said alleged injuries had been, citizens of the United States.

The trial was before the Court without a jury. The evi-

dence, although on some points conflicting, tended generally to prove the allegations of the complaint : that the possessions of both parties were on the public lands of the United States, and that defendants were citizens of the United States ; but that defendants conducted their mining operations in the usual mode, and in a prudent manner ; and that the injuries sustained by plaintiff resulted therefrom, and not from malicious or evil intent.

The Court below rendered judgment for defendants, and plaintiff appealed from said judgment, and from an order denying a new trial, made by plaintiff on the grounds that said judgment was against the evidence and against law.

*S. & Geo. E. Williams,* for Appellant.

*J. G. McCallum,* and *F. A. Hornblower,* for Respondents.

By the Court, SANDERSON, J. :

The Judge below made no findings of the facts or conclusions of law, and it is therefore impossible for us to say from the record what he considered the facts or the law to be, except by inference from the grounds of the motion for a new trial. If, as they would seem to indicate, the Court considered as a matter of fact that the plaintiff's homestead and improvements were established prior to the vesting of any right to mine in the ravine above in the defendants, and that the premises of the plaintiff were in fact damaged by the water turned into the ravine by the defendants and used by them in mining, yet as matter of law the right to mine is so far paramount to the right to inhabit and cultivate that the possessor of the former may destroy the latter right, notwithstanding it may be the older, if he finds it necessary or convenient for his purposes to do so, the Court erred. That the right of the plaintiff to inhabit and cultivate his premises was older than the right of the defendants to mine in the ravine above, and their claim of right to run the water

and tailings through the plaintiff's premises, does not seem to admit of doubt. The evidence seems to be very clear upon that point. The defendants only date their right to mine as far back as 1865, while the deed of the plaintiff under which he entered bears date in 1863. True, it was shown that mining had been carried on by various parties at different times prior to 1865, or even 1863, but the defendants in no way connected themselves with those parties, and cannot therefore date their right back of their own entry. The right of the defendants to mine in the ravine above the plaintiff's premises must be exercised in such a manner as not to damage the prior right of the plaintiff to inhabit and cultivate his premises. So, if the plaintiff's dam across the ravine antedates the mining right of the defendants, the latter must pay it the same respect, for it is appurtenant to the plaintiff's premises. So of the spring, if spring there was; but damages for the destruction of the spring would depend very much upon the question whether there is other water sufficient for domestic purposes equally convenient and pure.

Order denying a new trial reversed and new trial granted.